IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE EDWARD ROMO, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>OKLAHOMA DEPARTMENT OF )<br>CORRECTIONS, *et al.*, )<br>)<br>Respondents. ) | Case No. CIV-08-250-HE |

**<u>Report and Recommendation</u>**

Mr. Johnnie Romo seeks habeas relief based on the invalidity of three disciplinary convictions and the state's time restrictions on a motion for judicial review. The Respondents move for dismissal on the habeas claims involving the disciplinary convictions and disregard the claim involving the validity of the time restriction on a motion for judicial review. The Court should grant the motion to dismiss on the habeas claims involving the disciplinary convictions. For the remaining claims, the Court should deny habeas relief notwithstanding the lack of any discussion in the Respondents' brief.

Enactment of Okla. Stat. tit. 57 § 564.1 and
<u>Mr. Romo's Current Challenge to the Procedure</u>

The misconduct convictions were rendered between July 14, 2004, and December 15, 2004. The Petitioner unsuccessfully pursued administrative appeals, and they ended on February 24, 2005. Seventy-five days later, a state statute - Okla. Stat. tit. 57 § 564.1 - took effect and created a judicial remedy for inmates that had not previously existed. Under the

statute, a prisoner could seek judicial review of a disciplinary conviction within 90 days. Okla. Stat tit. 57 § 564.1(A)(1). Mr. Romo invoked the state statute, and the Oklahoma courts denied relief on grounds of timeliness.[1] In light of the denial of relief, Mr. Romo claims in part that the state limitations period constitutes an *ex post facto* violation.

<u>Invalidity of the Constitutional Challenge to the State Limitations Period</u>

In light of the alleged *ex post facto* violation, Mr. Romo claims that the state court action should have been regarded as timely. But the 90-day limitation in the state law does not alter the definition of a crime or increase any punishment. As a result, Mr. Romo's theory of an *ex post facto* violation is invalid as a matter of law.

The *ex post facto* clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *California Department of Corrections v. Morales*, 514 U.S. 499, 504-505 (1995) (citations omitted). Thus, a law violates the constitutional clause only when the offender is disadvantaged by alteration of the definition of an offense or increase in the punishment. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

The Petitioner's complaint about the state law does not implicate the *ex post facto* clause. That law took effect on May 10, 2005, when the Oklahoma legislature created a new remedy for due process violations in disciplinary proceedings. In the law, the legislature

---

[1] Order, *Romo v. Evans*, Case No. CJ-2005-9834 (Okla. Co. Dist. Ct. Feb. 23, 2007); Order Denying Petition for Relief, *Romo v. Evans*, Case No. MA-2007-272 (Okla. Crim. App. Apr. 6, 2007); *see infra* pp. 5-6 & note 8.

limited the time period that prisoners had to pursue the new remedy.[2] The creation of a new civil remedy for the Petitioner, with a time-limit attached, does not violate the *ex post facto* clause. *See Miller v. State of Oklahoma*, 363 F.2d 843, 844 (10th Cir. 1966); *cf. Femedeer v. Haun*, 227 F.3d 1244, 1253 (10th Cir. 2000) (holding that a state law creating a civil burden did not violate the *ex post facto* clause).[3]

Timeliness of the Habeas Challenge to the Three Disciplinary Convictions

Although the Respondents disregard the challenge to the state statute, they move for dismissal on the habeas claims involving the disciplinary convictions. The Respondents argue that the habeas claims are untimely, and they are correct.

---

[2] Mr. Romo's disciplinary convictions became final before the state law took effect. In state court, the Respondents argued that in this situation, a motion for judicial review would have become due 90 days after the state law took effect. Respondent's Special Appearance and Motion to Dismiss and Brief in Support at p. 3, *Romo v. Evans*, Case No. CJ-2005-9834 (Okla. Co. Dist. Ct. Jan. 10, 2006). Mr. Romo states that "the 90 [day] rule . . . went into effect 90 days subsequent to the effective date of the amended law." Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. 2244 and the Provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 at pp. 7-8 (Mar. 7, 2008).

The reference to the so-called "90 day rule" is unclear, as it could refer either to the 90-day limitations period or the Respondents' argument about the existence of a 90-day grace period. The Respondents' argument about a grace period is not a "law," and the limitations period took effect with the remainder of the statute on May 10, 2005. *See* Okla. Stat. tit. 57 § 564.1(A)(1). The Oklahoma legislature did not enact a law after May 10, 2005, that would have adversely affected Mr. Romo.

[3] In *Miller v. State of Oklahoma*, an Oklahoma prisoner sought federal habeas relief, contending that the state courts had violated the *ex post facto* clause by disallowing an appeal on grounds of timeliness. *See Miller v. State of Oklahoma*, 363 F.2d at 844. The Tenth Circuit Court of Appeals rejected the claim, reasoning: "The statute complained of is not ex post facto for the reason that it is not punitive but remedial." *Id*.

## Standard for the Motion to Dismiss

Federal statutory law does not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(4).

The Respondents argue that the petition fails to state a claim on which relief can be granted. This argument implicates Federal Rule of Civil Procedure 12(b)(6).[4] Under this rule, the well-pleaded factual allegations in the petition must be accepted as true and construed in the light most favorable to Mr. Romo. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## Finality of the Disciplinary Convictions

Under 28 U.S.C. § 2244(d), Mr. Romo could initiate a federal habeas petition within one year of the date that each disciplinary conviction had become final. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (holding that 28 U.S.C. § 2244(d) applied to a habeas petition under 28 U.S.C. § 2241, which challenged an administrative decision). The disciplinary convictions would be considered final by February 24, 2005, because the administrative appeals for all of the disciplinary convictions had ended by that time.[5]

---

[4] The Respondents also assert that "the Court is without jurisdiction as there is no actual case or controversy as the petition was not timely filed his [sic] habeas corpus petition." Respondents, [sic] Motion to Dismiss Petition for Writ of Habeas Corpus with Brief in Support at p. 5 (Apr. 1, 2008). This characterization is invalid, as the statute of limitations is not jurisdictional. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("The one-year statute of limitations [in 28 U.S.C. § 2244(d)] is not jurisdictional . . . ." (citation omitted)); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It must be remembered that § 2244(d) is not jurisdictional . . . ." (citation omitted)).

[5] *See Dulworth v. Evans,* 442 F.3d 1265, 1268-69 (10th Cir. 2006) (holding that the factual predicate of the habeas claim, for purposes of 28 U.S.C. § 2244(d)(1)(D), was reasonably discoverable when the administrative appeal became final).

When the disciplinary convictions became final, Mr. Romo waited over three years to initiate a federal habeas petition.[6] Without tolling, the delay of over three years would render the action untimely in light of the one-year period of limitations.

<u>Statutory Tolling</u>

Under federal law, the proper filing of a collateral challenge can toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). The Court may assume *arguendo* that the filing of a motion for judicial review under Okla. Stat. tit. 57 § 564.1 could result in statutory tolling. For two reasons, however, statutory tolling would not affect the timeliness of the federal habeas petition.

First, the state court motion was not "properly filed" under Oklahoma law. For statutory tolling, the motion must be filed in accordance with the pertinent statutory requirements.[7] As the state courts held, the motion for judicial review was untimely under

---

[6] The Petitioner attached a transmittal letter to the Court Clerk. The letter reflects a date of February 25, 2008. The petition was received by the Court Clerk eleven days later. The Court can assume *arguendo* that the filing date was February 25, 2008. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) ("The petition is deemed 'filed' when the petitioner gives it to prison authorities for mailing." (citations omitted)).

[7] *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" (emphasis in original); *Burger v. Scott*, 317 F.3d 1133, 1139 (10th Cir. 2003) (state procedural law governs whether a petition is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)).

Oklahoma law.[8]  As a result, the expiration of the state limitations period would prevent tolling under federal law.[9]

Second, even if statutory tolling were available, the action would have been untimely. By the time Mr. Romo filed a motion for judicial review, more than one year had passed for two of the disciplinary convictions[10] and 299 days had already elapsed on the third.  Once the state appeals court upheld the denial of relief, Mr. Romo waited at least another 325 days to file the habeas petition.  *See supra* note 6.  Thus, the present action would remain untimely even with statutory tolling for the motion for judicial review.

### The Petitioner's Arguments Regarding Equitable Tolling

Mr. Romo urges equitable tolling based on restrictions on library access and the actions by the state attorney general and the state courts in treating the claim as one arising under Okla. Stat. tit. 57 § 564.1.  Both arguments are invalid as a matter of law.

Equitable tolling is permissible only when an extraordinary circumstance stood in the petitioner's way and prevented timely filing.  *See Lawrence v. Florida*, __ U.S. __, 127 S.

---

[8]  *Romo v. Evans*, Case No. CJ-2005-9834 (Okla. Co. Dist. Ct. Feb. 23, 2007); *Romo v. Evans*, Case No. MA-2007-272 (Okla. Crim. App. Apr. 6, 2007); *see supra* p. 2 & note 1.

[9]  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also Allen v. Siebert*, __ U.S. __, 128 S. Ct. 2, 4 (2007) (holding that because a petition for post-conviction relief was rejected by the state courts as untimely, "it was not 'properly filed' under [28 U.S.C.] § 2244(d)(2)").

[10]  See *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

Ct. 1079, 1085 (2007). Under this standard, Mr. Romo "'bears a strong burden to show specific facts'" involving extraordinary circumstances. *Yang v. Archuleta*, __ F.3d __, 2008 WL 1795049, Westlaw op. at 2 (10th Cir. Apr. 22, 2008) (citations omitted).

Under federal common law, the lack of law library access would not justify equitable tolling.[11] The Petitioner argues that he could not file his state court motion in a timely manner because of his lack of law library access. But the current issue is whether Mr. Romo could have filed a federal habeas petition within one year of the end of his disciplinary appeal. Mr. Romo does not suggest that he was unable to file a federal habeas petition within one year.

The existing record would belie any such claim. As noted above, Mr. Romo filed the state court motion on December 19, 2005, invoking the same factual allegations that underlie the current habeas claims on the disciplinary convictions. Thus, limited access to a law

---

[11] The Tenth Circuit Court of Appeals addressed this issue in *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998). There the court held: "It is not enough [for equitable tolling] to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Miller v. Marr*, 141 F.3d at 978 (citation omitted); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("a claim of insufficient access to relevant law . . . is not enough to support equitable tolling" (citation omitted)).

The Petitioner relies on *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006). That case did not involve habeas proceedings, and the court held only that lack of access to law library clerks or prison lawyers might justify equitable tolling under Colorado law. *Fogle v. Pierson*, 435 F.3d at 1258-59. The present action does not involve Colorado law, and *Fogle v. Pierson* provides no guidance in the interpretation of federal common law.

library would not have prevented Mr. Romo from filing a federal habeas petition as early as December 19, 2005.[12]

Mr. Romo also attributes the delay of over three years to the invocation of Okla. Stat. tit. 57 § 564.1 in state court. But Mr. Romo overlooks the fact that he was the one who had invoked the state law. The state attorney general and the state courts were merely responding to the claim that he had brought.

Perhaps the state attorney general and the state courts could have opposed the claim on grounds that the remedy in Okla. Stat. tit. 57 § 564.1 was unavailable. But that defense was unnecessary because Mr. Romo's invocation of the state statute was obviously time-barred even if the remedy were otherwise available. In these circumstances, one can hardly attribute the delay of over three years to anything that the state attorney general or the state courts had done.

When Mr. Romo invoked the state statute, he could have filed a federal habeas petition.[13] Indeed, when the administrative appeals ended for Mr. Romo, Section 564.1 did

---

[12]   *See Bluemel v. Friel*, 242 Fed. Appx. 521, 524 (10th Cir. July 18, 2007) (unpublished op.), *cert. denied*, __ U.S. __, 128 S. Ct. 659 (2007) (rejecting a claim of equitable tolling because the filing of multiple post-conviction applications showed an ability "to pursue legal remedies despite the circumstances he claim[ed] [had] prevented a timely § 2254 petition" (citation omitted)); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("We note that the claims Mr. Miller sought to raise are similar to those raised in his direct appeal and motion for state postconviction relief, thereby undercutting his argument that lack of access [to legal materials] caused his delay.").

[13]   If Mr. Romo did not know whether he needed to pursue the motion in state court, he could have filed "a 'protective' petition in federal court and ask[ed] the federal court to stay and abey the federal habeas proceedings" until the state proceedings ended. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citation omitted).

not exist. Seventy-five days after the third administrative appeal ended, Section 564.1 took effect. Mr. Romo chose to invoke the new procedure, but the deadline had already passed.

Mr. Romo's confusion was understandable, but his predicament does not implicate equitable tolling. Although unfortunate, Mr. Romo's choice to invoke the state statute and wait to file a federal habeas petition was his decision. That misstep cannot legitimately be attributed to the state attorney general or the state courts. In these circumstances, the habeas attack on the disciplinary convictions is time-barred.[14]

## Conclusion

Mr. Romo's two habeas claims are invalid as a matter of law.

The *ex post facto* claim is invalid because the state procedure for judicial review of disciplinary convictions is remedial rather than punitive. Thus, the Court should deny habeas relief on this claim.

The Court should grant the motion to dismiss on the claims involving the three disciplinary convictions. These claims are time-barred, as Mr. Romo waited to seek habeas relief more than three years after the end of his administrative appeals and his excuses for the delay are invalid as a matter of law.

---

[14] The Petitioner suggests an evidentiary hearing on the issue of tolling. The Court need not conduct an evidentiary hearing on this issue. *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) ("Since 28 U.S.C. § 2244 does not require a hearing on the issue of time-bar or equitable tolling, an evidentiary hearing would be a matter of discretion."). Such a hearing would serve little purpose here, as Mr. Romo's allegations are deficient as a matter of law on the issue of tolling. *See*, *e.g.*, *Shelton v. Unknown Warden*, 37 Fed. Appx. 341, 343 (10th Cir. Feb. 7, 2002) ( unpublished op.) (upholding denial of an evidentiary hearing because proof of the habeas petitioner's allegations would not compel tolling).

<u>Notice of the Right to Object</u>

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 30, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The referral to the undersigned is terminated.

Entered this 9th day of June, 2008.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge