## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE EDWARD ROMO, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-08-0250-HE |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Respondents. ) | |

### ORDER

Petitioner Johnnie Edward Romo, Sr., a state prisoner appearing pro se, instituted this action seeking habeas relief. He challenges three disciplinary convictions and a new state statute, 57 Okla. Stat. § 564.1, that imposes time restrictions on obtaining judicial review of prison disciplinary proceedings that result in the revocation of earned credits. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach.  He has recommended that a motion to dismiss filed by the respondents that addressed the disciplinary convictions be granted and that the petitioner be denied relief on his other claims.

In his Report and Recommendation the magistrate judge rejected the petitioner's argument that 57 Okla. Stat. § 564.1 violates the Ex Post Facto Clause.  As the state law merely created a new remedy for due process violations in disciplinary proceedings, he concluded it was not a prohibited ex post facto law.  The magistrate judge also agreed with the respondents that the petitioner's habeas claims are untimely under the applicable

one year limitations period set by 28 U.S.C. § 2244(d).  He determined that statutory tolling was not available, but that, even if it were, the petitioner's claims still would be time-barred.  He also found that the petitioner had failed to demonstrate that the one-year limitations period should be equitably tolled.  The petitioner has filed an objection to the Report and Recommendation and also has filed a motion asking the court to expedite these proceedings.[1]

Having conducted a de novo review, the court concurs with Magistrate Judge Bacharach that the statutory year to file has expired with respect to the petitioner's claims based on his disciplinary convictions, *see* 28 U.S.C. § 2244(d), and that, in the circumstances of this case, the limitations period is not subject to statutory or equitable tolling.  The court also agrees with the magistrate judge that the petitioner is not entitled to relief because of an ex post facto violation and that an evidentiary hearing is not required to resolve the petitioner's claims.

Accordingly, the court adopts Magistrate Judge Bacharach's Report and Recommendation, **grants** the respondents' motion [Doc. #8], and dismisses the petition for writ of habeas corpus.  The motion to expedite [Doc. #16] is **denied** as being moot.

---

[1]*In his objection the petitioner asserts that general counsel for the Oklahoma Department of Corrections lacks standing to represent the State of Oklahoma in this action.  The argument lacks merit.*

**IT IS SO ORDERED**.

Dated this 26th day of June, 2008.

                                                JOE HEATON
                                                UNITED STATES DISTRICT JUDGE